# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY A. BROADNAX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **vs.** | ) | |
| | ) | |
| **RIVERVIEW GARDENS SCHOOL DISTRICT** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

COMES NOW plaintiff Kimberly A. Broadnax, by and through her counsel, and for her cause of action against Defendant Riverview Gardens School District, states the following.

### Parties

1.  Plaintiff Kimberly Broadnax is and was at all times relevant herein a resident of the State of Missouri, residing in the Eastern District of Missouri.

2. Defendant Riverview Gardens School District (hereinafter referred to as " the District") is a school district entity organized and existing in accordance with the laws of the State of Missouri.

### Jurisdiction and Venue

3.  The court has jurisdiction over this matter pursuant to 28 U.S.C Section 1331, and 42 U.S.C. Section 1983.

4.  Venue is proper under 28 U.S.C 1391 (b)(1) because defendant resides in the District, and pursuant to 28 U.S.C. 1391 (c).

**Factual Background**

5.  Plaintiff was employed by Defendant for over fifteen (15) years, serving as a Certified Parent Educator, with her job duties entailing meeting with families of students at their homes. During her tenure with Defendant, Plaintiff received consistently excellent evaluations.

6. On or about August 28, 2017, Plaintiff, while in the course of performing her job and visiting a family of a District student, witnessed a shooting incident wherein a car coming within a matter of yards of her was chasing a vehicle, with shots being fired at the vehicle, which crashed also within yards of her at the end of the dead end street.  The car firing the shots then circled around to pass by Plaintiff, the occupants of the vehicle being able to clearly see the Plaintiff.

7.  Plaintiff was terrified and distraught about the incident, and immediately drove back to the District and reported the incident to her supervisor Ms. Drone, who advised her that she should take the rest of the day off as well as the following day.  Plaintiff subsequently learned that Ms. Drone had neither documented the incident, nor advised her superiors in any written or other manner about the shooting incident.   Moreover, Plaintiff learned that the District never notified the police of the shooting incident witnessed by Plaintiff.

8.  Prior to the incident, Plaintiff had advised her supervisor about the dangers of her position because of the crime ridden nature of the District.  However, not only was no action ever taken to provide any security for Plaintiff in the performance of her duties, or any training ever provided to Plaintiff that addressed handling potentially violent encounters she might experience as a Parent Educator, the District sought to cover up and downplay the dangers of the Parent Educator position in recruiting for the job.  In addition, Defendant has ignored the warnings and notifications from the National Education Association (NEA) about the dangers involved in the Parent Educator position, refusing to take measures that would avert the dangers posed by the position.

9.  The shooting incident caused Plaintiff to seek medical attention, and based on the report of her physician, Plaintiff was granted leave under the Family Medical Leave Act.

10. In January 2018, Plaintiff learned that she had been terminated by the District. Defendant never properly advised Plaintiff either in writing or orally of the basis for her termination, nor provided Plaintiff an opportunity to challenge being terminated.

11. Plaintiff never agreed to being terminated, nor ever signed any document to that effect.

12. Plaintiff's termination has caused damage to her reputation and impeded her ability to find other suitable employment.

## COUNT I
### (Due Process 42 U.S.C. Section 1983)

13.  This court has jurisdiction pursuant to 42 U.S.C. Section 1983.

14. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 of this Complaint.

15. Defendant violated Plaintiff's due process rights in terminating her without advising her of the basis for her termination and without providing her a hearing and opportunity to challenge the termination.

16. Defendant deliberately violated Plaintiff's due process rights.

17. Defendant's actions were deliberate, willful, wanton and malicious, and have caused Plaintiff emotional pain, suffering, inconvenience, humiliation and mental anguish.

## COUNT II
### (Wrongful Discharge in Violation of Public Policy)

18.  This court has jurisdiction pursuant to its power of pendent jurisdiction.

19.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 of this Complaint.

20.  The Defendant's termination of Plaintiff violates public policy inasmuch as Defendant terminated Plaintiff due to her being required to seek medical leave and attention caused by the Defendant's exposing Plaintiff to a dangerous working condition and failure to provide adequate security for Plaintiff.

21.  The Defendant has acted deliberately and with indifference to Plaintiff's rights, as attested by the cavalier and improper manner the District treated Plaintiff's reporting the

shooting incident, including the Defendant's failure to report the incident to the police, and by the Defendant's failure to take measures to ensure Plaintiff's safety, despite Plaintiff advising her supervisor of the dangers of her position.

22.  Defendant's actions have caused Plaintiff damages, including emotional distress and the loss of income.

## COUNT III

### (Infliction of Emotional Distress)

23.  This court has jurisdiction pursuant to its power of pendent jurisdiction.

24.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 of this Complaint.

25.  The Defendant's actions as aforestated have caused Plaintiff severe emotional distress, which has been medically diagnosed.

26.  The Defendant has acted deliberately and with indifference to Plaintiff's rights, as attested by the cavalier and improper manner the District treated Plaintiff's reporting the shooting incident, including the Defendant's failure to notify the police of the incident, and by the Defendant's failure to take measures to ensure Plaintiff's safety, despite Plaintiff advising her supervisor of the dangers of her position.

27.  Defendant's actions have caused Plaintiff damages, including emotional distress and the loss of income.

## PRAYER FOR RELIEF

 **WHEREFORE**, Plaintiff prays for a judgment and order against Defendant as to Counts I and II, jointly and severally, to (a) compensate Plaintiff for back pay, lost wages, and other benefits of employment (b) award Plaintiff actual and punitive damages, and (c) award attorney's fees, the costs of Court, prejudgment and post judgment interest allowed by law, and for such additional relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

**S/ *Eric E. Vickers***
_____

Eric E. Vickers #31784
401 North Newstead, Ste. 1N
St. Louis, Mo. 63108
(314) 420-8700  (314) 875-0447 fax
eric_vickers@hotmail.com
Attorney for Plaintiff